IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| TERRENCE L. WILLIAMS,<br><br>          Plaintiff,<br><br>v.<br><br>AMERICAN LUMPERS SERVICES, LLC,<br>and DART CONTAINER CORPORATION,<br><br>          Defendants. | Civil Action No. _____<br><br><br><br>**NOTICE OF REMOVAL** |

<u>**DEFENDANT DART CONTAINER CORPORATION'S NOTICE OF REMOVAL**</u>

Defendant Dart Container Corporation ("Dart"), by and through its counsel, and in accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby files this Notice of Removal and removes the action entitled *Terrence L. Williams v. American Lumpers Services, LLC, and Dart Container Corporation*, which was originally filed in the Circuit Court for Howard County, Maryland, to the United States District Court for the District of Maryland, based upon the following:

**I.      BACKGROUND**

1.      Plaintiff Terrence L. Williams ("Williams") instituted this action in the Circuit Court for Howard County, Maryland, on or about March 30, 2020, under the caption *Terrence L. Williams v. American Lumpers Services, LLC, and Dart Container Corporation*, and the Docket Number  C-13-CV-20-315 (the "State Court Action").  A true and correct copy of Williams's Complaint and the Summons and Case Information Report mailed to Dart therewith is attached hereto as **Exhibit A**.

2.      Williams's Complaint in the State Court Action asserts claims under 42 U.S.C.

§ 2000e *et seq.*, (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and,

presumably, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 to 12213),

Maryland Fair Employment Practices Act § 20-606, and Maryland Code, Labor and Employment

§ 9-1105.  Compl. at ¶¶ 11-26.  All claims arise out of Williams's employment with co-

Defendant American Lumpers Services, LLC ("ALS") and his assignment as a forklift driver to

Dart.  *Id.* at ¶¶ 1-7.

## II.     TIMELINESS OF REMOVAL

3.      Dart first received notice of the Complaint filed in the State Court Action on May

1, 2020, when its Chief Executive Officer, James Lammers, Esquire, received a copy of the

Complaint by U.S. mail.

4.      Consistent with 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed

on May 29, 2020, within thirty days after Dart first received notice of the Complaint.

## III.    VENUE

5.      Since the Circuit Court for Howard County, Maryland, is within this Court's

District, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

6.      This action is properly allocated to this Court's Northern Division pursuant to 28

U.S.C. § 1441(a) and L.R. 501.2, as the State Court Action is pending in Howard County,

Williams resides in Cecil County, and Dart does business in Caroline County.  *See* Compl. at

Caption.

## IV.    REMOVAL IS PROPER BASED ON FEDERAL-QUESTION JURISDICTION

7.      This action is within this Court's original jurisdiction pursuant to 28 U.S.C.

§ 1331 because Williams's cause of action arises under federal statutes.  *Merrell Dow Pharm.,*

*Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal quotation marks omitted) ("a suit arises

under the law that creates the cause of action"); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

(1987) ("[F]ederal question jurisdiction exists only when a federal question is presented on the

face of the plaintiff's properly pleaded complaint.").

8.      In particular, Williams alleges that—following his wrist injury—Dart failed to

engage in the interactive process with him and failed to reasonably accommodate his condition,

all purportedly in violation of Title VII and the ADA. *Compare* Compl. at ¶¶ 4-9, 19-21 *with*

*Munoz v. Balt. Cty.*, No. RDB-11-02693, 2012 U.S. Dist. LEXIS 103597, at *30-31 (D. Md. July

25, 2012) (exercising original jurisdiction over ADA claims and supplemental jurisdiction over

Maryland Code, Labor and Employment § 9-1105 claim); *Hartman v. Univ. of Md. at Balt.*, 595

F. App'x 179, 179-81 (4th Cir. 2014) (noting removal based upon ADEA claim and affirming

district court's exercise of supplemental jurisdiction over Maryland Fair Employment Practices

Act claim); *Rose v. Home Depot U.S.A., Inc.*, 186 F. Supp. 2d 595, 596 (D. Md. 2002) (noting

removal based on ADA claim); *Neal v. Trugreen Ltd. P'ship*, 886 F. Supp. 527, 528 (D. Md.

1995) (noting removal based on Title VII claim); *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 138

(4th Cir. 1995) (same).

9.      Moreover, Williams brings state-law claims for discrimination and wrongful

termination under Maryland Fair Employment Practices Act § 20-606 and Maryland Code,

Labor and Employment § 9-1105 in connection with the termination of his employment. Compl.

at ¶¶ 11-26. As plead, Williams's federal and state-law claims all derive from a "common

nucleus of operative fact"—the termination of the parties' employment relationship. *City of Chi.*

*v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997) (internal quotation marks omitted);

*Hartman*, 595 F. App'x at 180; *see* Compl. at ¶¶ 11-26 (basing each of Williams's claims on

3

Dart and ALS's alleged failure to accommodate his condition and termination of his employment).

10.     Thus, in accord with the above-cited cases and the Complaint, as plead, Williams's state-law claims are "so related" to his ADA and Title VII claims that "they form part of the same case or controversy under Article III of the United States Constitution" and fall within this Court's supplemental jurisdiction.  28 U.S.C. § 1367(a).

11.     For these reasons, this Court has original and supplemental jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

**V.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

12.     In compliance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Dart is attached hereto.  *See* Ex. A.

13.     In compliance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Dart will give written notice thereof to Williams.

14.     In compliance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Dart will file a copy of this Notice with the Clerk of the Circuit Court for Howard County, Maryland.

15.     Dart consents to and files this Notice without waiving any defenses to the claims asserted by Williams, without conceding that Williams has stated claims upon which relief may be granted, and without conceding that Williams is entitled to any damages whatsoever.

**WHEREFORE**, Dart respectfully requests that the United States District Court for the District of Maryland accept the removal of this action from the Circuit Court for Howard County, Maryland and direct that the Circuit Court have no further jurisdiction over this matter unless and until this case is remanded.

7872860.2 47815/144390 05/28/2020

Respectfully submitted,

**GORDON FEINBLATT LLC**

Dated:  May 29, 2020          By:     */s/ George F. Ritchie*
                                      George F. Ritchie, Bar #22408
                                      Lauren E. Lake, Bar # 20488
                                      233 E. Redwood Street
                                      Baltimore, MD 21202
                                      410-576-4131 - gritchie@gfrlaw.com
                                      410-576-4004 - llake@gfrlaw.com


**POST & SCHELL, P.C.**

By:     Sidney R. Steinberg, Esquire
        ssteinberg@postschell.com
        (*pro hac vice* motion forthcoming)
        Daniel F. Thornton, Esquire
        dthornton@postschell.com
        (*pro hac vice* motion forthcoming)
        Four Penn Center
        1600 John F. Kennedy Blvd, 14th Floor
        Philadelphia, PA 19103
        215-587-1000

        *Counsel for Defendant Dart Container
        Corporation*

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 29, 2020, I caused the foregoing Notice of Removal to be electronically filed with the Court and to be served upon the following persons via electronic mail:

John B. Stolarz, Esquire
The Stolarz Law Firm
6509 York Road
Baltimore, MD 21212
410-532-7200
stolarz@verizon.net

*Counsel for Plaintiff*

/s/  *George F. Ritchie*
George F. Ritchie

7872860.2 47815/144390 05/28/2020